I feel it necessary to revisit this court's holding inHamilton v. Phillips, 494 So.2d 659 (Ala.Civ.App. 1986), from which the majority quoted that "[w]hile a marriage or the becoming of age of a child is each an event which may be considered for child support modification, neither automatically modifies a child support judgment." This is not a true statement of the law generally, only in a Hamilton type situation.
In Hamilton the divorce judgment provided that the father was to pay $150 every two weeks as child support for five minor children without any designation as to how much, if any, was allocated to each child, or per child. In other words, as in this case, the support order did not provide for the payment of $30 per child every two weeks for the five minor children. Therefore, the "marriage or the becoming of age" of any *Page 1086 
one of the five minor children in Hamilton did not automatically modify the child support payment. Instead, such an event could have been considered in a modification proceeding to reduce the "$150 every two weeks" child support obligation.
What the father apparently fails to recognize in this case is that there is a difference between a support order that requires the payment of $50 per week for the support of four minor children and a support order that requires the payment of $12.50 per week per child for four minor children. While initially both orders amount to $50 per week, the latter would automatically be reduced by $12.50 per week as each child reaches the age of majority, whereas, the first order remains $50 per week until the youngest child reaches majority or is otherwise modified. Hamilton.